**FILED**

AUG 19 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

| | |
|---|---|
| MOHAMMED ABDULMALIK<br>    Prisoner, ISN 10025,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>SALIM JUMA KHAMISI,<br>    as Next Friend of Mohammed Abdulmalik<br><br>*Petitioners/Plaintiffs,*<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States<br>    The White House<br>    1600 Pennsylvania Avenue, NW<br>    Washington, D.C. 20500;<br><br>ROBERT GATES,<br>    Secretary, United States<br>    Department of Defense<br>    1000 Defense Pentagon<br>    Washington, D.C. 20301-1000;<br><br>DAVID M. THOMAS, JR.,<br>    Navy Rear Adm.<br>    Commander, Joint Task Force - GTMO<br>    JTF-GTMO<br>    APO AE 09360; and<br><br>BRUCE VARGO,<br>    Army Col., Commander, Joint Detention<br>        Operations Group - JTF-GTMO,<br>    JTF-GTMO<br>    APO AE 09360;<br><br>*Respondents/Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Leave to file without
Prepayment of Cost **GRANTED**

*Royce C. Lamberth*
*U.S.D.J. 8/19/08*

**PETITION FOR WRIT
OF HABEAS CORPUS
AND COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

Case: 1:08-cv-01440
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/19/2008
Description: Habeas Corpus/2255

## PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Petitioner Mohammed Abdulmalik seeks the Great Writ. Mr. Abdulmalik has been held prisoner by the U.S. Government since at least March 2007. He has been incarcerated at the United States Naval Station at Guantánamo Bay since at least March 26, 2007. At no time has he been given a Combatant Status Review Tribunal or any hearing at all to determine whether there is a legal basis for his continued incarceration. He is being held without any opportunity to challenge his imprisonment.

Mr. Abdulmalik, a Kenyan national, is imprisoned under color and authority of the Executive in military custody in Guantánamo, without basis, without charge, without adequate access to counsel, and without being afforded any process by which he might challenge his detention. This violates the Constitution, laws and treaties of the United States, U.S. military regulations, and customary international law

Accordingly, this Court should issue a Writ of Habeas Corpus compelling Respondents either to release Mr. Abdulmalik or to establish in this Court the lawful basis for his imprisonment. This Court should also order injunctive and declaratory relief.

Pursuant to the President's authority as Commander-in-Chief, his authority under the laws and usages of war, or under a November 13, 2001 Executive Order, Respondents George W. Bush, President of the United States, Robert Gates, U.S. Secretary of Defense, Navy Rear Adm. David M. Thomas, Jr., Commander of Joint Task Force-GTMO, and Army Col. Bruce Vargo, Commander, Joint Detention Operations Group, Joint Task Force-GTMO, are either ultimately responsible for or have been charged with the responsibility of maintaining the custody and control of Mr. Abdulmalik at Guantánamo.

## I.

### JURISDICTION

1.   Mr. Abdulmalik brings this action under 28 U.S.C. §§ 2241(c)(1) and (c)(3), and 28 U.S.C. § 2242. Mr. Abdulmalik further invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1350, 1651, 2201, and 2202; 5 U.S.C. § 702; Articles I and II of, and the Fifth and Sixth Amendments to, the United States Constitution. Because he seeks declaratory relief, Mr. Abdulmalik also relies on Fed. R. Civ. P. 57.

2.   This Court is empowered under 28 U.S.C. § 2241 to grant this Writ of Habeas Corpus. This Court is further empowered to declare the rights and other legal relations of the parties herein by 28 U.S.C. § 2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual controversy within the Court's jurisdiction. Finally, this Court is authorized to issue all writs necessary or appropriate in aid of its jurisdiction by 28 U.S.C. § 1651.

## II.

### PARTIES

3.   Petitioner Mohamed Abdulmalik, known to Respondents as Internment Serial Number 10025, is a citizen of Kenya, born in 1972. He bears the dubious distinction of being one of just five individuals transported in 2007 *to* Guantánamo Bay. He is also the *only* person sent to Guantánamo since 2004 whom the Department of Defense does not accuse of being "high-level."

4.   Petitioner Salim Juma Khamisi acts as next friend for his brother, Petitioner Mohamed Abdulmalik. Because Mr. Abdulmalik cannot secure access to either legal counsel or the courts of the United States, Mr. Khamisi acts as his next friend. *See Exhibit A.*

5.   Respondent George W. Bush is the President of the United States and Commander-in-Chief of the United States Military. Mr. Abdulmalik is being detained pursuant to President Bush's authority as Commander-in-Chief, under the laws and usages of war or, alternatively, pursuant to the Executive Order of November 13, 2001, Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57,833 (November 13, 2001) ("Executive Order"). President Bush is responsible for Mr. Abdulmalik's unlawful detention and is sued in his official capacity.

6.   Respondent Robert Gates is the United States Secretary of Defense. Pursuant to the President's authority as Commander-in-Chief, under the laws and usages of war or, alternatively pursuant to the Executive Order, Respondent Gates has been charged with the responsibility of maintaining the custody and control of Mr. Abdulmalik. He is sued in his official capacity.

7.   Respondent Navy Rear Adm. David M. Thomas Jr. is the Commander of Joint Task Force-GTMO, the entity running the prison operation at Guantánamo Bay. He has supervisory responsibility for Mr. Abdulmalik and is sued in his official capacity.

8.   Respondent Army Col. Bruce Vargo is the Commander of the Joint Detention Operations Group and the JTF-GTMO prisons, including the U.S. facility where Mr. Abdulmalik is presently held. He is the immediate custodian responsible for Mr. Abdulmalik's detention and is sued in his official capacity.

9.   Respondents are directly responsible for any activities undertaken by or under the supervision of any agents or employees acting on their behalf, or of agents or employees of private contractors with whom any agency under Respondents' authority or supervision has contracted for the provision of services. All references to Respondents'

actions in this Petition include activities performed by Respondents' agents or employees, other government agents or employees, or contractors' agents or employees.

## III.

## STATEMENT OF FACTS

10. Upon information and belief, Mr. Abdulmalik is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind under any definition adopted by the U.S. Government in any civil or military proceeding.

11. Upon information and belief, Mr. Abdulmalik is not, nor has he ever been, an "enemy combatant" who was "part of or supporting forces hostile to the United States or coalition partners in Afghanistan and who were engaged in an armed conflict against the United States there." *Hamdi v. Rumsfeld*, 542 U.S. 507, 516, 124 S. Ct. 2633, 2639 (plurality) (2004).

12. Mr. Abdulmalik seeks to enforce his constitutional right to a judicial determination by an appropriate and lawful authority whether there is a factual and legal basis for his imprisonment by Respondents. To date, Mr. Abdulmalik has not received any type of hearing to determine his status.

13. Upon information and belief, at the time of his seizure and detention, Mr. Abdulmalik was not a member of the Taliban government's armed forces or Al Qaeda. He did not cause or attempt to cause any harm to American personnel or property prior to his detention. He had no involvement, direct or indirect, in the terrorist attacks on the United States on September 11, 2001, the ensuing international armed conflict, or any act of international terrorism attributed by the United States to Al Qaeda. He remains incarcerated at the U.S. Naval base at Guantánamo, Cuba, a territory over which the United States exercises exclusive jurisdiction and control.

14.     Mr. Abdulmalik has not been afforded any procedures that would satisfy his rights under the most fundamental common law notions of due process, the U.S. Constitution, the laws and treaties of the United States, or customary international law.

15.     Upon information and belief, Mr. Abdulmalik desires to pursue in the courts of the United States every available legal challenge to the lawfulness of his detention.

**The Joint Resolution**

16.     In the wake of the September 11, 2001 attacks on the United States, the United States, at the direction of President Bush, began a massive military campaign against the Taliban government, then in power in Afghanistan. On September 18, 2001, a Joint Resolution of Congress authorized President Bush to use force against the "nations, organizations, or persons" that "planned, authorized, committed, or aided the terrorist attacks on September 11, 2001, or [that] harbored such organizations or persons." Joint Resolution 23, Authorization for Use of Military Force, Public Law 107-40, 115 Stat. 224 (Sept. 18, 2001) ("Joint Resolution").

17.     As, upon information and belief, Mr. Abdulmalik did not participate in the armed conflict at any point in time, he is not properly detained pursuant to President Bush's authority as Commander-in-Chief, under the laws and usages of war, or under the Joint Resolution.

18.     Upon information and belief, Mr. Abdulmalik is not, and has never been, a member of Al Qaeda or any other terrorist group. Prior to his detention, he did not commit any violent act against any American person or espouse any violent act against any American person or property. He had no involvement, direct or indirect, in the terrorist attacks on the United States on September 11, 2001, or any act of international terrorism attributed by the United States to Al Qaeda or any other terrorist group. He is not properly subject to the detention order issued by President Bush. As he did not participate in the armed

6

conflict at any point in time, he is not properly subject to President Bush's authority as Commander-in-Chief or under the laws and usages of war.

### The Executive Order

19.   On November 13, 2001, Respondent Bush issued an Executive Order authorizing Donald Rumsfeld, predecessor to Respondent Gates as Secretary of Defense, to detain indefinitely anyone Respondent Bush has "reason to believe:"

    i.     is or was a member of the organization known as al Qaeda;

    ii.    has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefor, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or

    iii.   has knowingly harbored one or more individuals described in subparagraphs (i) and (ii).

*See* Executive Order, 66 Fed. Reg. 57,833, §2 (November 13, 2001). President Bush must make this determination in writing. The Executive Order was neither authorized nor directed by Congress, and is beyond the scope of the Joint Resolution of September 18, 2001.

20.   The Executive Order purports to vest President Bush with the sole discretion to identify individuals who fall within its purview. It establishes no standards governing the exercise of his discretion. Once a person has been detained, the Executive Order contains no provision for that person to be notified of the charges he may face. The Executive Order authorizes prisoners to be confined indefinitely without charges. It contains no provision for a prisoner to be notified of his rights under domestic and international law, and provides neither the right to counsel, nor the rights to notice of consular protection or to consular access at the prisoner's request. It provides no right to appear before a neutral tribunal to review the legality of a prisoner's continued incarceration and contains no provision for recourse to an Article III court. In fact, the Executive Order expressly bars

review by any court. The Executive Order authorizes indefinite and unreviewable detention, based on nothing more than the President Bush's written determination that an individual is subject to its terms.

21.   The Executive Order was promulgated in the United States and in this judicial district, the decision to incarcerate Mr. Abdulmalik was made by Respondents in the United States and in this judicial district, the decision to imprison Mr. Abdulmalik at Guantánamo was made in the United States and in this judicial district, and the decision to continue incarcerating Mr. Abdulmalik was, and is, being made by Respondents in the United States and in this judicial district.

22.   Upon information and belief, President Bush has never certified or determined in any manner, in writing or otherwise, that Mr. Abdulmalik is subject to the Executive Order.

23.   Mr. Abdulmalik is not properly subject to the Executive Order.

24.   Mr. Abdulmalik has not been, and is not being, imprisoned lawfully either pursuant to the Executive Order, President Bush's authority as Commander-in-Chief and/or under the laws and usages of war. Mr. Abdulmalik was not arrested or detained by the United States in the course of an armed conflict. Mr. Abdulmalik is not properly detained under President Bush's authority as Commander-in-Chief or under the laws and usages of war.

### Guantánamo Bay Naval Station

25.   On or about January 11, 2002, the United States military began transporting prisoners to Guantánamo Bay. Approximately 265 prisoners remain, including Mr. Abdulmalik.

26.   Prisoners incarcerated at Guantánamo are constitutionally entitled to test the legality of their imprisonment in the federal courts. *Boumediene v. Bush*, 553 U.S. ___ (2008).

## Mr. Abdulmalik's Road to Guantánamo Bay

27. Sometime in February 2007, Mr. Abdulmalik was seized by Kenyan authorities in the Kenyan coastal city of Mombasa, far from any armed conflict. He then spent an indeterminate period in Kenyan custody.

28. In late February or early March 2007, Mr. Mr. Abdulmalik was transferred to the custody of the United States. The U.S. then held him in *incommunicado* detention before transferring him to Guantánamo Bay. That transfer was announced on March 26, 2007.

## The Conditions of Detention

29. Since gaining control of Mr. Abdulmalik, the United States military has held him virtually *incommunicado.*

30. Mr. Abdulmalik has been held without charge or trial or any opportunity to defend himself for more than sixteen months. Mr. Abdulmalik has not appeared before a military or civilian tribunal of any type. He has not been provided any forum in which to assert, protect or vindicate his rights under the United States Constitution, U.S. common law or statute, the regulations of the United States Military, the Geneva Convention, the International Covenant on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, the 1954 Convention Relating to the Status of Refugees or customary international law.

31. Mr. Abdulmalik is imprisoned far from his home and family, in a place where he does not know the customs of his captors; where he is denied the freedom to communicate adequately with his family and legal counsel; where every aspect of life is regulated by his captors.

32. Upon information and belief, Mr. Abdulmalik has been subject to cruel, inhumane, and degrading treatment and conditions of confinement, and physical and psychological

9

interrogation techniques specifically designed to isolate him from the world and render him dependent on his captors.

33.     Upon information and belief, Mr. Abdulmalik has been held under conditions that violate his constitutional and international rights to dignity and freedom from torture and from cruel, inhuman and degrading treatment or punishment.

34.     Respondents, acting individually or through their agents, have stated that limitations, which normally apply on coercive interrogation techniques used by U.S. military officials under the auspices of the Department of Defense, *do not apply* to interrogations conducted by agents of the CIA or other entities under President Bush. *See, e.g.,* Steven Lee Myers, "Veto of Bill on C.I.A. Tactics Affirms Bush's Legacy," *New York Times*, March     9,     2008,     http://www.nytimes.com/2008/03/09/washington/09policy.html (reporting President's veto of legislation that would have explicitly banned CIA from using interrogation methods like waterboarding and physical force; "The debate has left the C.I.A. at odds with the Federal Bureau of Investigation and other agencies, whose officials have testified that harsh interrogation methods are either unnecessary or counterproductive.").

35.     Upon information and belief, Mr. Abdulmalik has been and will be interrogated repeatedly by agents of the United States Departments of Defense and Justice, and the Central Intelligence Agency, though he has not been charged with an offense and has not been notified of any pending or contemplated charges.

36.     Upon information and belief, Mr. Abdulmalik has been forced to provide involuntary statements to Respondents' agents at Guantánamo and elsewhere.  He has not been provided regular access to counsel.

37.    Respondents have consistently maintained that the United States may hold prisoners in Guantánamo Bay indefinitely. *See, e.g.*, "Detainee's Trial in Military System Begins Today," *Washington Post*, July 21, 2008 ("'The government can hold [Guantánamo Bay prisoner Salim] Hamdan all the way up until the end of hostilities,' John Murphy, a Justice Department lawyer who is on the team prosecuting Hamdan, said in court last week").

## IV.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (COMMON LAW DUE PROCESS AND DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES - UNLAWFUL DEPRIVATION OF LIBERTY)

38.    Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

39.    By the actions described above, including the failure to bring Mr. Abdulmalik before a tribunal of any type, Respondents, acting under color of law, have violated and continue to violate the common law principles of due process as well the Due Process Clause of the Fifth Amendment to the Constitution of the United States. President Bush has ordered the prolonged, indefinite, and arbitrary detention of individuals, without due process of law, and Respondents have implemented those orders. Respondents' actions deny Mr. Abdulmalik the process accorded to persons seized and detained by the United States military in times of armed conflict as established by, *inter alia*, the Uniform Code of Military Justice, Army Regulation 190-8, Articles 3 and 5 of the Third and Fourth Geneva Conventions, and customary international law as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

40.   To the extent that Respondents purport that Mr. Abdulmalik's imprisonment is authorized by the Executive Order, that Order violates the Fifth Amendment on its face and as applied to Mr. Abdulmalik, and therefore also violates 28 U.S.C. § 2241 (c)(3).

41.   To the extent that Mr. Abdulmalik's imprisonment is without basis in law and violates the common law principles of due process embodied in 28 U.S.C. § 2241 (c)(1), Mr. Abdulmalik's detention is unlawful.

42.   Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

### SECOND CLAIM FOR RELIEF
### (DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES - UNLAWFUL CONDITIONS OF CONFINEMENT)

43.   Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

44.   By the actions described above, Respondents, acting under color of law, have violated and continue to violate the right of Mr. Abdulmalik to be free from unlawful conditions of confinement, in violation of the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

45.   Accordingly, Mr. Abdulmalik is entitled to declaratory and injunctive relief as well as any other relief the court may deem appropriate.

### THIRD CLAIM FOR RELIEF
### (GENEVA CONVENTIONS - ARBITRARY DENIAL OF DUE PROCESS)

46.   Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

47.   By the actions described above, Respondents, acting under color of law, have denied and continue to deny Mr. Abdulmalik the process accorded to persons seized and detained by

the United States military in times of armed conflict as established by specific provisions of the Third and Fourth Geneva Conventions.

48.     Violations of the Geneva Conventions are direct treaty violations and are also violations of customary international law, and constitute an enforceable claim under 28 U.S.C. § 2241 (c)(3).

49.     Respondents are liable for this conduct described above, insofar as they set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified, and/or conspired to violate the Geneva Conventions.

50.     Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

## FOURTH CLAIM FOR RELIEF
### (INTERNATIONAL HUMANITARIAN AND HUMAN RIGHTS LAW - ARBITRARY DENIAL OF DUE PROCESS)

51.     Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

52.     By the actions described above, Respondents have denied and continue to deny Mr. Abdulmalik the due process accorded to persons seized and detained by the United States military in times of armed conflict as established by customary international humanitarian and human rights law as reflected, expressed, and defined in multilateral treaties and other international instruments and domestic judicial decisions, and other authorities.

53.     Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

## FIFTH CLAIM FOR RELIEF
## (ALIEN TORT STATUTE - TORTURE)

54.   Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

55.   By the actions described above, the Respondents directed, ordered, confirmed, ratified, and/or conspired to bring about acts that deliberately and intentionally inflicted severe physical and psychological abuse and agony upon Mr. Abdulmalik in order to obtain coerced information or confessions from him, punish or intimidate Mr. Abdulmalik, or for other purposes. Among other abuses, Mr. Abdulmalik has been held in conditions of isolation and sensory deprivation; kept in cages with no privacy; shackled with heavy chains and irons; interrogated while shackled and chained in painful positions; deprived of sleep; exposed to extremes of temperature; subjected to violent behavior or the threat of violence; sexually humiliated; denied access to counsel and family; deprived of adequate medical care; and subjected to repeated psychological abuse.

56.   The acts described herein constitute torture in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting torture as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

57.   Respondents are liable for said conduct because they directed, ordered, confirmed, ratified, and/or conspired together and with others to commit the acts of torture against Mr. Abdulmalik.

58.   Mr. Abdulmalik was forced to suffer severe physical and psychological abuse and agony and is entitled to habeas, declaratory, and injunctive relief, and other relief to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## (ALIEN TORT STATUTE - WAR CRIMES)

59. Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

60. By the actions described above, Respondents' acts directing, ordering, confirming, ratifying, and/or conspiring to bring about the torture and other inhumane treatment of Mr. Abdulmalik constitute war crimes and/or crimes against humanity in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated, among others, the Fourth Geneva Convention, Common Article III of the Geneva Conventions and Additional Protocols I and II of the Geneva Conventions as well as customary international law prohibiting war crimes as reflected, expressed, and defined in other multilateral treaties and international instruments, international and domestic judicial decision, and other authorities.

61. As a result of Respondents' unlawful conduct, Mr. Abdulmalik has been and is forced to suffer severe physical and psychological abuse and agony, and is therefore entitled to habeas, declaratory, and injunctive relief, and such other relief as the court may deem appropriate.

## SEVENTH CLAIM FOR RELIEF
## (ALIEN TORT STATUTE – CRUEL, INHUMAN OR DEGRADING TREATMENT)

62. Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

63. The acts described herein had the intent and the effect of grossly humiliating and debasing Mr. Abdulmalik, forcing him to act against his will and conscience, inciting fear and anguish, and breaking his physical or moral resistance.

64. The acts described herein constitute cruel, inhuman or degrading treatment in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting cruel, inhuman or degrading treatment as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

65. Respondents are liable for said conduct in that they directed, ordered, confirmed, ratified, and/or conspired together and with others to cause the cruel, inhuman or degrading treatment of Mr. Abdulmalik.

66. Mr. Abdulmalik was forced to suffer severe physical and psychological abuse and agony and is entitled to declaratory and injunctive relief, as well as other relief the Court may deem appropriate.

EIGHTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE -
ARBITRARY ARREST AND PROLONGED ARBITRARY DETENTION)

67. Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

68. The acts described herein constitute arbitrary arrest and detention of Mr. Abdulmalik in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary detention as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

69. Respondents are liable for said conduct in that they directed, ordered, confirmed, ratified, and/or conspired together and with others to bring about the arbitrary arrest and prolonged arbitrary detention of Mr. Abdulmalik in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international

law prohibiting arbitrary arrest and prolonged arbitrary detention as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

70. As a result of Respondents' unlawful conduct, Mr. Abdulmalik has been and is deprived of his freedom, separated from his family, and forced to suffer severe physical and mental abuse, and is therefore entitled to habeas, declaratory, and injunctive relief, and such other relief as the court may deem appropriate.

### NINTH CLAIM FOR RELIEF
### (ALIEN TORT STATUTE- ENFORCED DISAPPEARANCE)

71. Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

72. By the actions described above, the Respondents directed, ordered, confirmed, ratified, and/or conspired to bring about the enforced disappearance of Mr. Abdulmalik in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting enforced disappearances as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

73. As a result of Respondents' unlawful conduct, Mr. Abdulmalik has been and continues to be deprived of his freedom, separated from his family, and forced to suffer severe physical and mental abuse, and is therefore entitled to declaratory and injunctive relief and such other relief as the court may deem appropriate.

///

///

17

TENTH CLAIM FOR RELIEF
(ARTICLE II OF THE UNITED STATES CONSTITUTION-
UNLAWFUL DETENTION)

74.  Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

75.  Mr. Abdulmalik is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind.  The Executive lacks the authority to order or direct military officials to detain civilians who are seized far from the theater of war or occupied territory or who were not "carrying a weapon against American troops on a foreign battlefield." *Hamdi v. Rumsfeld*, 542 U.S. 507, 522, 124 S. Ct. 2633, 2642 n.1 (2004).

76.  By the actions described above, President Bush has exceeded and continues to exceed the Executive's authority under Article II of the United States Constitution by authorizing, ordering and directing that officials seize Mr. Abdulmalik and transfer him to military detention, and by authorizing and ordering his continued incarceration at Guantánamo. Respondents acted and continue to act without lawful authority by directing, ordering, and/or supervising the seizure and military imprisonment of Mr. Abdulmalik.

77.  The military seizure and incarceration of Mr. Abdulmalik by the Respondents is *ultra vires* and illegal because it violates Article II of the United States Constitution.  To the extent that the Executive asserts that Mr. Abdulmalik's incarceration is authorized by the Executive Order, that Order exceeds the Executive's authority under Article II and is *ultra vires* and void on its face and as applied to Mr. Abdulmalik.

78.  To the extent that Respondents assert that their authority to incarcerate Mr. Abdulmalik derives from a source other than the Executive Order, including without limitation the Executive's inherent authority to conduct foreign affairs or to serve as Commander-in-

Chief of the U.S. Armed Forces, whether from Article II of the Constitution or otherwise, Respondents lack that authority as a matter of fact and law.

79. Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

## ELEVENTH CLAIM FOR RELIEF
### (VIOLATION OF THE APA - ARBITRARY AND CAPRICIOUS UNLAWFUL DETENTION)

80. Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

81. Army Regulation 190-8 prohibits the detention of civilians who were seized away from the field of battle or outside occupied territory or who were not engaged in combat against the United States. *See, e.g.*, Army Reg. 190-8 at 1-6(g) ("Persons who have been determined by a competent tribunal not to be entitled to prisoner of war status may not be executed, imprisoned, or otherwise penalized without further proceedings to determine what acts they have committed and what penalty should be imposed."). Mr. Abdulmalik has appeared before no tribunal at all.

82. By arbitrarily and capriciously incarcerating Mr. Abdulmalik in military custody for more than sixteen months in the manner described above, Respondents have acted and continue to act *ultra vires* and unlawfully in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

83. Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

## TWELFTH CLAIM FOR RELIEF
### (VIOLATION OF THE APA - ARBITRARY AND CAPRICIOUS DENIAL OF DUE PROCESS)

84.   Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

85.   By the actions described above, Respondents, acting under color of law, have arbitrarily and capriciously denied and continue to deny Mr. Abdulmalik the process accorded to persons seized and detained by the United States military in times of armed conflict as established by Army Regulation 190-8 in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

86.   Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief as well as any other relief the court may deem appropriate.

## THIRTEENTH CLAIM FOR RELIEF
## (VIOLATION OF THE APA – TORTURE AND CRUEL, INHUMAN OR DEGRADING TREATMENT)

87.   Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

88.   By the actions described above, the Respondents have acted and continue to act arbitrarily and capriciously by directing, ordering, confirming, ratifying, and/or conspiring to unlawfully subject Mr. Abdulmalik to torture and/or cruel, inhuman or degrading treatment in violation of Army Regulation 190-8 and the Administrative Procedures Act, 5 U.S.C. § 706(2).

89.   Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

## FOURTEENTH CLAIM FOR RELIEF
## (VIOLATION OF THE RIGHT TO COUNSEL AND TO ACCESS TO THE COURTS)

90.   Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

91.    Respondents, purportedly acting from a concern for national security, have contrived to intrude upon Mr. Abdulmalik's right to consult with counsel by conditioning counsel's access to Mr. Abdulmalik on unreasonable terms, in violation of Mr. Abdulmalik's attorney-client privilege, his work product privilege, and the Fifth and Sixth Amendments to the U.S. Constitution.

92.    Accordingly, Mr. Abdulmalik is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.

FIFTEENTH CLAIM FOR RELIEF
(CONVENTION AGAINST TORTURE AND
CONVENTION RELATING TO THE STATUS OF REFUGEES - RENDITION)

93.    Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

94.    Upon information and belief, Mr. Abdulmalik is at risk of being rendered or expelled without lawful procedures to a country that engages in torture.  The transfer of the Mr. Abdulmalik to a country where there is a foreseeable and direct risk that he will be subjected to torture constitutes a direct violation of Mr. Abdulmalik's rights under the Covenant Against Torture and the 1954 Convention Relating to the Status of Refugees, 19 U.S.T. 6259, 189 U.N.T.S. 150 *entered into force* Apr. 22, 1954.

95.    Accordingly, Mr. Abdulmalik is entitled to declaratory and injunctive relief, as well as any other relief the court may deem appropriate.

SIXTEENTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE- RENDITION)

96.    Mr. Abdulmalik incorporates by reference all preceding paragraphs as if set forth fully herein.

97.    Upon information and belief, Mr. Abdulmalik is at risk of being rendered or expelled without lawful procedures to a country that engages in torture.  The transfer of the Mr.

Abdulmalik to a country where there is a foreseeable and direct risk that he will be subjected to torture constitutes a violation of Mr. Abdulmalik's rights under customary international law, which may be vindicated under the Alien Tort Statute.

98.    Accordingly, Mr. Abdulmalik is entitled to declaratory and injunctive relief, as well as any other relief the court may deem appropriate.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Mohammed Abdulmalik prays for relief as follows:

1.    Grant the Writ of Habeas Corpus and order Respondents to release Mr. Abdulmalik from his current unlawful imprisonment;

2.    Order that Mr. Abdulmalik be brought before the Court or before a Magistrate Judge assigned by the Court to conduct proceedings under the supervision of the Court to vindicate his rights;

3.    Order that Mr. Abdulmalik cannot be transferred to any country without the specific written agreement of Mr. Abdulmalik and his counsel while this action is pending;

4.    Order that Mr. Abdulmalik cannot be delivered, returned, or rendered to a country where there is a foreseeable and imminent risk that Petition will be subject to torture;

5.    Order Respondents to allow counsel to meet and confer with Mr. Abdulmalik, in private and unmonitored attorney-client conversations;

6.    Order Respondents to cease all acts of torture and cruel, inhuman and degrading treatment of Mr. Abdulmalik;

7.    Order and declare the Executive Order of November 13, 2001 is *ultra vires* and unlawful in violation of Article II of the United States Constitution, the Fifth Amendment to the

U.S. Constitution, the Uniform Code of Military Justice, the Administrative Procedures Act, 5 U.S.C. § 702, the treaties of the United States and customary international law;

8.    Order and declare that the prolonged, indefinite imprisonment of Mr. Abdulmalik without due process is arbitrary and unlawful in violation of the common law principles of due process, the Due Process Clause of the Fifth Amendment to the United States Constitution, Article II of the Constitution, the regulations of the United States military, the treaties of the United States, and customary international humanitarian law; and

9.    Grant such other relief as the Court may deem necessary and appropriate to protect Mr. Abdulmalik's rights under the common law, the United States Constitution, federal statutory law, and international law.

Dated:    August 11, 2008                    Respectfully submitted,

Zachary Katznelson (California Bar No. 209489)          Cori Crider (Member New York Bar)
Reprieve                                                Reprieve
PO Box 52742                                            PO Box 52742
London EC4P 4WS                                         London EC4P 4WS
United Kingdom                                          United Kingdom
011 44 207 353 4640 (ph)                                011 44 207 353 4640 (ph)
011 44 207 353 4641 (fax)                               011 44 207 353 4641 (fax)
zachary@reprieve.org.uk                                 cori@reprieve.org.uk


Clive A. Stafford Smith (Louisiana Bar No. 14444)
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
011 44 207 353 4640 (ph)
011 44 207 353 4641 (fax)
clivess@mac.com

*Counsel for Petitioners*

## **CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION**

Pursuant to L. Cv. R. 83.2(g), I hereby certify that I am a member in good standing of the

New York Bar, and that I am representing Mr. Abdulmalik without compensation.

Dated:  August 11, 2008

*Cori Crider*

Cori Crider
Member New York Bar
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
011 44 207 353 4640 (ph)
011 44 207 353 4641 (fax)
cori@reprieve.org.uk

24

## CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION

Pursuant to L. Cv. R. 83.2(g), I hereby certify that I am a member in good standing of the

Louisiana Bar, and that I am representing Mr. Abdulmalik without compensation.

Dated:  August 11, 2008

Clive A. Stafford Smith
Louisiana Bar No. 14444
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
011 44 207 353 4640 (ph)
011 44 207 353 4641 (fax)
clivess@mac.com

## CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION

Pursuant to L. Cv. R. 83.2(g), I hereby certify that I am a member in good standing of the California Bar, and that I am representing Mr. Abdulmalik without compensation.

Dated:  August 11, 2008

Zachary Katznelson
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
011 44 207 353 4640 (ph)
011 44 207 353 4641 (fax)
zachary@reprieve.org.uk

## CERTIFICATE OF SERVICE

I, Zachary Katznelson, hereby certify that a true and correct copy of the foregoing instrument has been served upon the following persons in the manner indicated below:

George W. Bush (certified mail, return receipt requested)
President of the United States
The White House
1600 Pennsylvania Ave., N.W.
Washington, D.C. 20500

Robert M. Gates (certified mail, return receipt requested)
Secretary, United States
Department of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000

Navy Rear Adm. David M. Thomas Jr.  (certified mail, return receipt requested)
Commander, Joint Task Force - GTMO
JTF-GTMO
APO AE 09360

Army Col. Bruce Vargo (certified mail, return receipt requested)
Commander, Joint Detention Operations Group - JTF-GTMO,
JTF-GTMO
APO AE 09360

Terry Henry (e-mail: terry.henry@usdoj.gov)
Senior Trial Attorney
Federal Programs Branch
Civil Division – Room 7144
Department of Justice
20 Massachusetts Avenue, NW
Washington, DC 20530

Andrew Warden (e-mail: andrew.warden@usdoj.gov)
Trial Attorney
Federal Programs Branch
Civil Division – Room 7144
Department of Justice
20 Massachusetts Avenue, NW
Washington, DC 20530

Dated: August 15, 2008

Zachary Katznelson

# EXHIBIT A

Authorization of Representation

My name is _SALIM JUMA KHAMISI_. I have had the American legal concept of next friend explained to me, and I am acting as next friend for my _BROTHER_, whose name is _MOHAMED ABDULMALIK_. _____ is a citizen of _KENYA_, born _1972_. He is currently being held in _CUBA    AT    GUANTANAMO   BAY_____.

I know that my _BROTHER_, _MOHAMED ABDULMALIK_, would want me to act on his behalf to secure him legal representation. Therefore, I hereby authorize Clive Stafford Smith, Zachary Katznelson, *Reprieve* and *Justice in Exile*, and any person or organization assigned by these lawyers, to act on my behalf and my _BROTHER_'s behalf, to secure any documents and information concerning my _BROTHER_ that are necessary for his defense, and to seek whatever redress they believe to be in his best interests, in the courts of the United States, and in any other legal forum available.

Date: _March 27th, 2007_

Signature: _____

Print Name: _SALIM   JUMA   KHAMISI_

Witness
Signature: _____

Print Name: _OMAR   MOHAMED_

08 1440
**FILED**
AUG 19 2008
**Clerk, U.S. District and Bankruptcy Courts**

018_000002

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MOHAMMED ABDULMALIK<br>SALIM JUMA KHAMISI, NEXT FRIEND  99999 | GEORGE W. BUSH, ET. AL.<br>RECEIVED |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    99999
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ZACHARY KATZNELSON
REPRIEVE
PO BOX 52742
LONDON, ENGLAND EC4P 4WS
011 44 207 353 4640

Case: 1:08-cv-01440
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/19/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

⊚ 2 U.S. Government
Defendant

O 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| O A. Antitrust | O B. Personal Injury/ Malpractice | O C. Administrative Agency Review | O D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O E. General Civil (Other) | | OR | O F. Pro Se General Civil |
|---|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| [X] 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

[X] 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 2241 – ILLEGAL IMPRISONMENT ~ GUANTANAMO BAY

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 0    Check YES only if demanded in complaint    JURY DEMAND: YES ☐ NO [X]

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO [X] If yes, please complete related case form.

DATE AUGUST 14, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.