~~SECRET // NOFORN~~

**Filed with Classified Information Security Officer**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CISO _____

Date _____

Date ___7/26/11___

|  |  |
|---|---|
| MOHAMMED ABDULMALIK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| BARACK H. OBAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

Civil Action No. 08-1440 (CKK)

**CLASSIFIED ORDER**
(July 26, 2011)

Presently pending before the Court are a motion filed by Petitioner seeking additional

discovery pursuant to § I.E.2 of the Case Management Order, as amended, and reconsideration of

this Court's prior order denying Petitioner's request for additional discovery. Respondents have

filed oppositions to these motions, and Petitioner has filed replies. The Court shall briefly review

the background of this case before addressing each of the pending motions. As explained below, the

Court shall DENY WITHOUT PREJUDICE Petitioner's Motion for Additional Discovery in the

Form of Depositions of Interrogators and DENY Petitioner's Motion to Reconsider the Court's May

3, 2010 Order.

A.    *Background*

Petitioner Mohammed Abdulmalik filed his Petition for a Writ of Habeas Corpus and

Complaint for Declaratory and Injunctive Relief on August 19, 2008. Respondents filed a Factual

Return on March 2, 2009. On November 6, 2008, Judge Thomas F. Hogan issued a Case

~~SECRET // NOFORN~~

Management Order, amended on December 16, 2008 ("CMO"), to govern discovery in this matter.

Pursuant to § I.D.1 of the CMO, the government must disclose exculpatory evidence to the

Petitioner if such evidence is "reasonably available." On June 25, 2009, this Court issued an order

clarifying Respondents' obligations under the CMO and defining "exculpatory evidence" as

> all reasonably available evidence in the Government's possession or any evidence that
> tends to materially undermine the evidence that the Government intends to rely on in
> its case-in-chief, including any evidence or information that undercuts the reliability
> and/or credibility of the Government's evidence (*i.e.*, such as evidence that casts doubt
> on a speaker's credibility, evidence that undermines the reliability of a witness's
> identification of Petitioner, or evidence that indicates a statement is unreliable because
> it is the product of abuse, torture, or mental or physical incapacity, as well as any
> material inconsistencies and statements).

*See* Classified Order Regarding Petitioner's Motion to Compel and Motion for Discovery at 1-2

(June 25, 2009). Pursuant to § 1.E.1 of the Amended CMO, the government shall disclose at

Petitioner's request, "(1) any documents and objects in the government's possession that the

government relies on to justify detention; (2) all statements, in whatever form, made or adopted by

the petitioner that the government relies on to justify detention; and (3) information about the

circumstances in which such statements of the petitioner were made or adopted." Section I.E.2 of

the CMO states that the Court may, for good cause, permit Petitioner to obtain limited additional

discovery where such requests: (1) are narrowly tailored, not open ended; (2) specify the discovery

sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that

Petitioner's detention is unlawful; and (4) explain why the requested discovery will enable the

Petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly

burdening the government.

In its June 25, 2009, Order, the Court ordered Respondents to disclose to Petitioner's

counsel "all statements, in whatever form (including audio or video), whether cumulative or not,

that have not previously been disclosed, made by each of the three main sources against Petitioner

███████████████████████████████████ relating to the statements attributed to

them in the Factual Returns." *See id.* at 3-4. The Court also ordered Respondents to "disclose all

exculpatory information that has not previously been disclosed concerning these individuals." *Id.*

at 4.

On December 23, 2009, Petitioner filed a Motion for Leave to Obtain Additional Discovery

Pursuant to Amended C.M.O. § I.E.2 seeking information pertaining to circumstances surrounding

his own statements and those of ████████████████████████████████

███████████████████████ After a closed-session Status Hearing on April 29, 2010, the Court

granted in part and denied in part Petitioner's motion for additional discovery. With respect to

Petitioner's request for documents relating to the circumstances of his interrogations, the Court

denied Petitioner's motion based on the adequacy of searches already conducted by Respondents.

The Court explained that Respondents had already searched within the "reasonably available"

evidence and the Task Force materials for any exculpatory evidence relating to Petitioner or the

circumstances of any statements relied on by Respondents. *See* Order (May 3, 2010) at 4. The

Court explained that Respondents had also requested specific information from each of the

agencies who produced evidence relied on by Respondents. *See id.* With respect to Petitioner's

request for information relating to his alleged transfers between Kenya, Djibouti, and Afghanistan,

the Court ordered Respondents to request information from Central Command ("CENTCOM"),

the entity believed to be in possession of such information; the Court otherwise denied Petitioner's

request based on the adequacy of searches already conducted for exculpatory information. *See id.*

at 5. The Court also denied Petitioner's requests for photos or videos recording the effects of his

abuse, denials of guilt by Petitioner, and Kenyan police reports on the ground that Respondents

SECRET // NOFORN

had already searched for and provided such exculpatory information to Petitioner. *See id.* at 6. In each instance, the Court's ruling was based on the adequacy of Respondents' prior searches for such information, not on the lack of relevance of the information.

On July 30, 2010, Petitioner filed a Motion for Additional Discovery in the Form of Depositions of Interrogators. On August 2, 2010, the Court ordered Respondents to discuss in their response whether, with respect to statements made by Petitioner or other witnesses on which Respondents rely during the time period mentioned in Petitioner's motion.



On December 10, 2010, Respondents provided Petitioner's counsel with additional information relating to the circumstances of some of his interrogations. Specifically, Respondents provided Petitioner's counsel with



SECRET // NOFORN
UNCLASSIFIED//FOR PUBLIC RELEASE

*B.     Petitioner's Motion for Additional Discovery in the Form of Depositions of Interrogators*

Pursuant to § I.E.2 of the CMO, Petitioner is asking the Court to compel Respondents to reveal the names of his interrogators and those present at his interrogations[1]

Bagram, and Kabul

Petitioner further seeks to compel Respondents to make these individuals available for depositions. Specifically, Petitioner asks for disclosure of the identities of all of his American interrogators from his arrest on February[1] 2007 until his transport to Guantanamo on March[2] 2007

*See* Pet'r's Mem. at 1. Petitioner contends that these depositions are necessary to establish that Petitioner. were mistreated while interrogated and therefore their statements are not credible. Respondents oppose Petitioner's request, arguing that it is not narrowly tailored as required by § I.E.2 of the CMO and that identifying these individuals would be unduly burdensome and unfairly disruptive. In opposition to Petitioner's motion, Respondents have submitted

Petitioner filed a supplemental reply to respond

and Petitioner also submitted a declaration in support of his motion for

additional discovery, in which he describes his alleged mistreatment. *See* Decl. of Mohammed

Abdulmalik - Suppl. to Mot. to Obtain Add'l Discovery in the Form of Depositions of

Interrogators Pursuant to Amended C.M.O. § I.E.2 (filed Nov. 3, 2010) (hereinafter, "Abdulmalik

Decl.").

Respondents indicate in their opposition brief that they intend to rely on

Respondents contend that Petitioner's request for the identities of interrogators is not

narrowly tailored because he has not specifically connected his general allegations of mistreatment

with any particular statements that were made. However, Petitioner cannot reasonably be required

to connect particular allegations of abuse with particular statements relied on by Respondents,

particularly where he alleges mistreatment over a period of time. In his declaration, Petitioner

states that he was violently arrested [1, 2] ███████████████████████████████████████

[1, 2] ██████ and that he was subjected to harsh physical abuse while in the custody of Kenyan officials.

*See* Abdulmalik Decl. ¶¶ 11-22. Petitioner contends that he made false statements to appease his

interrogators. *Id.* ¶¶ 13, 18. Petitioner further states that he was mistreated by American officials

who interrogated him [1] ███████████████████████ *See id.* ¶¶ 24-29. ████████



Respondents argue that it is premature for the Court to determine whether a request to

depose interrogators would be narrowly tailored because Respondents have not yet responded to

Petitioner's allegations of coercion and abuse. *See* Resp't's Opp'n at 10. Respondents indicate

that their response to Petitioner's allegations may come in the form of declarations from

appropriate interrogators or other information regarding intelligence gathering and reporting that

could provide guidance to the Court as to whether such further discovery is needed or appropriate.

The Court agrees with Respondents that based on the present record, it is improper for the Court to

███████████████████████████████████████████████████████████

conclude that depositions will be necessary for Petitioner to establish the circumstances

surrounding the statements at issue. It may be that Respondents' rebuttal evidence provides

sufficient information regarding the treatment of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that

depositions would be unlikely to reveal additional information.



8

Alternatively, if Respondents ultimately fail to rebut Petitioner's allegations of mistreatment, the record at the merits hearing will reflect only Petitioner's version of events, and the Court will be able to consider that evidence as unrebutted, thereby reducing the importance of potentially corroborative deposition testimony. Because Respondents have not yet come forward with evidence to rebut Petitioner's claims regarding the circumstances of his interrogations (as well as those of ███████████████) the Court shall deny without prejudice Petitioner's motion to compel disclosure of the identities and to permit depositions of those present during the interrogations at issue. However, the Court shall order Respondents to provide rebuttal evidence relating to these interrogations promptly so that the parties can resolve discovery disputes surrounding this issue before the Court adopts a final schedule for pre-merits hearing briefing.

Respondents also argue that granting Petitioner's request to depose those involved in the interrogations would be unduly burdensome and unfairly disruptive to the government. Respondents point out that depositions are not typically available in these extraordinary habeas corpus proceedings. *See, e.g.*, *Bin Attash v. Obama*, 628 F. Supp. 2d 24, 41 (D.D.C. 2009)

(denying petitioner's request for depositions of interrogators); *Al-Adahi v. Obama*, 616 F. Supp. 2d 3 (D.D.C. 2009) (denying petitioners' requests for materials relating to the identities of translators).

The Court agrees that, consistent with the CMO, Petitioner must explain why the discovery requested will enable him to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government. Petitioner may ultimately be unable to demonstrate that the depositions he is requesting will not unduly disrupt the government's current national security operations. The Court declines to formally make such a determination, however, until Respondents have come forward with whatever evidence they have to rebut Petitioner's allegations of abuse or coercion.

C.  *Petitioner's Motion to Reconsider the Court's Prior Ruling on Additional Discovery*

Petitioner requests that this Court reconsider its May 3, 2010 ruling on Petitioner's Motion for Leave to Take Additional Discovery. Petitioner's motion to reconsider is based on Respondents' recent production of newly-discovered records maintained by

Based on that recent production, Petitioner seeks to compel Respondents to search all                     for exculpatory information, specifically including: (1) documents that contain details of the interrogations of Petitioner and his accusers                         (2) documents that record Petitioner's transfer between various police stations and other holding facilities prior to his arrival at Guantanamo and the conditions under which he was transported; (3) photos or videos taken that record the effects of his abuse; (4) documents that record denials of guilt by Petitioner; and (5) Kenyan police reports and other

SECRET // NOFORN

communications between Kenyan and American agents that discuss the circumstances of

Petitioner's interrogations.

Respondents explain that the newly-provided materials ███████████████████

██████████████████████████ The materials do not constitute exculpatory

information as defined by the CMO and this Court's prior orders, and they merely represent

alternative forms of statements that were already provided to Petitioner. Respondents were

required to produce this information pursuant to § I.E.1 of the CMO because it relates to the

circumstances in which Petitioner gave the statements at issue and/or constitutes alternative forms

of the statements relied on by Respondents ████████████████████████

████████████████████████████████████████████████████

Petitioner contends that Respondents' recent production ███████████████

████████████████████████████████████████████████████

████████████████████████████████████ However, as the Court

noted above, the recently-provided materials do not constitute exculpatory information, and it

appears that they were overlooked in earlier searches because. ████████████████

██████████████████████ Furthermore, Petitioner has not argued that the

recently-provided materials are inconsistent with the information previously disclosed by

SECRET // NOFORN

SECRET // NOFORN

Respondents; the fact that they apparently contain no new material information about the circumstances of Petitioner's statements suggests that Respondents' prior searches were sufficiently broad to uncover the information requested by Petitioner. Ultimately, Petitioner's motion is based on speculation that there may be other, potentially exculpatory evidence within the ████████████████████████████████████████ However, that speculation is not sufficient to justify the broad discovery requests asserted by Petitioner. The supplemental disclosures provided by Respondents were properly made pursuant to Respondents' ongoing discovery obligations in light of the Court's prior orders.

Because there is at least some uncertainty in the record regarding which databases have been searched for information relating to Petitioner, the Court shall require Respondents to

12

SECRET // NOFORN

SECRET // NOFORN

indicate

The Court shall require Respondents to certify that they have searched any such databases for exculpatory evidence relating to Petitioner's statements. Respondents shall provide such certification to the Court by no later than September 1, 2011.

    *D.   Conclusion*

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Petitioner's Motion for Additional Discovery in the Form of Depositions of Interrogators. Respondents shall produce whatever evidence they have to rebut the allegations of abuse and coercion made by Petitioner and      in their respective declarations by no later than September 1, 2011. Respondents shall provide a report along with their rebuttal evidence that explains why depositions of interrogators would be not likely to reveal exculpatory information. Respondents shall have a further opportunity to produce rebuttal evidence after Petitioner files his Traverse; however, the Court expects Respondents to produce whatever evidence they intend to rely on in opposing Petitioner's requests for additional discovery regarding the circumstances of statements made by Petitioner      and relied on by Respondents in the Factual Return. If Petitioner intends to file any renewed motion for additional discovery in the form of depositions of interrogators, he must do so by no later than September 19, 2011. Respondents shall file their response by no later than October 7, 2011.

The Court also DENIES Petitioner's Motion to Reconsider the Court's May 3, 2010 Order on Petitioner's Motion for Leave to Obtain Additional Discovery. Respondents shall certify that they have searched      likely to contain evidence pertaining to the circumstances of statements given by Petitioner for exculpatory information relating to those statements.

SECRET // NOFORN

Respondents shall make such a certification by no later than September 1, 2011.

The parties shall file a Joint Status Report on September 12, 2011 proposing a schedule for further proceedings.

**SO ORDERED.**

Date: July 26, 2011

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
