UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED ABDULMALIK,

    Plaintiff,

v.

JOSEPH R. BIDEN, *et al.*,

    Defendants.

Civil Action No. 08-1440 (CKK)

**ORDER**
(December 19, 2024)

    Petitioner Mohammed Abdulmalik filed a Petition for Writ of Habeas Corpus in 2008, seeking release from detention at United States Naval Station Guantanamo Bay in Cuba. *See* Pet. for Writ of Habeas Corpus (Aug. 19, 2008), ECF No. 1. The Respondents in this case and their predecessors have alleged and argued that Mr. Abdulmalik's detention at Guantanamo Bay was authorized by the 2001 Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224, because he was "a member of [al Qaeda] who participated in planning and committing terrorist attacks and who was involved in planning further attacks prior to his capture." Factual Return Narr., ECF No. 110-1, ¶ 1. Mr. Abdulmalik has challenged the Respondents' authority to detain him, including by arguing that his detention was contrary to principles of international humanitarian law. *See, e.g.*, Mem. of Law and Authority in Support of Mot. to Release Pet., ECF No. 311-1, at 3.

    On December 18, 2024, more than 16 years after Mr. Abdulmalik filed his Petition, the Respondents notified the Court that "the United States has relinquished custody of [Mr. Abdulmalik] and transferred him to the custody and control of the Government of Kenya." Notice of Transfer, ECF No. 324.

1

Cognizant that "[f]ederal courts lack jurisdiction to decide moot cases," the Court must consider whether Mr. Abdulmalik's transfer renders this case moot and requires dismissal of the Petition without prejudice. *See Ameziane v. Obama*, 699 F.3d 488, 492 (D.C. Cir. 2012); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Accordingly, the Court **ORDERS** the parties to file a joint status report on or before **January 10, 2025**, stating the parties' positions on whether this case is now moot and, if necessary, proposing a schedule for further briefing.

**SO ORDERED.**

Dated: December 19, 2024

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge